UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAWRENCE HALL, ET AL.

VERSUS

ST. HELENA PARISH SCHOOL
BOARD, ET AL.

CIVIL ACTION

NO. 52-1068-JJB

## RULING ON MOTIONS

This matter is before the court on motions (doc. 505 and 519) by the St. Helena Parish School Board (the "School Board) to Refigure the Grade Structure of the School District and to Accommodate Fourth Grade Students. The motions are opposed by defendants (the Louisiana Board of Elementary and Secondary Education ("BESE") and the Louisiana Department of Education). The court conducted a hearing on June 13, 2013, and the matter has been submitted on post-trial briefs.

Presently, the St. Helena school system consists of three schools: an elementary, a middle school and a high school. The School Board runs the elementary and the high schools; operation of the middle school has been vested with the Recovery School District since May of 2010. The School Board proposes that it be allowed to operate an elementary school that has kindergarten through sixth grades and a high school that has seventh through twelfth grades. Alternatively, the School Board requests that relief be granted as to the fifth grade only.

In support of this proposal, the School Board argues that restructuring is necessary to regain stability and consistency in the schools in St. Helena Parish. The School Board contends that reconfiguration of its schools would provide broader learning opportunities for the students and allow the district to provide a better

1

curriculum, enabling students to gain a stronger academic foundation. The School Board cites financial stability and recent academic improvements as additional supporting factors.

The School Board argues that its proposal is consistent with state law, which: (1) permits school districts to restructure their schools and grades; and, (2) mandates that school districts provide students a choice of schools when their primary school is overtaken by the Recovery School District ("RSD"). The School Board cites La. R.S. 17:10.5 (D) for this proposition. Under that statute, a child may attend the school under the jurisdiction of the RSD or "may exercise an option which shall be made available by the city, parish, or other local public school board or any other public entity from which the school is being transferred to enroll in and attend another school operated by the school board or entity." La. R.S. 17:10.5 (D).

In short, the School Board contends that its proposal is mandated by La. R.S. 17:10.5 (D) and would result in more stabilized district with improved academics. As a consequence, the School Board contends that more students would attend the public schools in St. Helena Parish and that this would ultimately promote desegregation.

In opposition, the defendants argue that the changes would actually have a segregative effect. Defendants argue that there is a fixed cost associated with running a school; and, if there are not enough students, this will cause the school to run at a deficit, or force it to cut variable costs such as teachers or educational resources. They argue that last minute changes would hurt the RSD financially and impede its ability to educate students. The RSD would have to fire some teachers after having to figure out the problem of how many students are attending each school. The RSD has entered

into several contracts for this school year and has budgeted resources for the 292 students expected to attend under the present configuration of the parish schools. Defendants also assert that there is not a large enough middle school population in the district to support an alternative choice. The defendants point to the fact that the school district still faces financial problems and it has poor facility conditions. Finally, the defendants contend that Louisiana law requires an alternative choice only when there is another choice readily available or feasible within the school district.[1]

Having carefully considered this matter, the court finds that the motions should be denied. While school districts are generally required to offer students an alternative choice when the RSD takes over a school, this is simply not feasible in St. Helena Parish at this time. There is not a large enough population to justify the duplication of resources that would obviously be required under the proposals set forth by the School Board. While there has been significant improvement in the district's financial condition, it is clear that problems remain on that score. While this court has broad authority in desegregation matters, the School Board essentially presents policy arguments that might conceivably improve desegregation simply because the school system would be more attractive to parents in general. As this court has repeatedly said, the best people

---

[1] Defendants argue that federal rules and regulations limit school transfers to "schools identified for school improvement, corrective action, or restructuring, or identified by the SEA as persistently dangerous."  DEA, No Child Left Behind: Public School Choice Non-Regulatory Guidance, *http://www2.ed.gov/policy/elsec/guid/schoolchoiceguid.pdf* at 18-30.  Additionally, they contend that alternative schools may not be a viable option "when an LEA has only a single school at that grade level" or when the distance between schools is so remote that it makes transfer impractical.  *Id*.  A student may also transfer to a virtual school or to a specialty school if one is available in the district or if there is a cooperative agreement between the school districts.  *Id.* Not surprisingly, the School Board has responded with a motion to register students in a virtual academy.  This option is currently being briefed by the parties.

3

to determine school policy are the members of the School Board. The court is willing to revisit this issue mid-term or during the next school year.

Accordingly, the motions (docs. 505 and 519) to reconfigure the schools are hereby DENIED.

Signed in Baton Rouge, Louisiana, on August 1, 2013.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**