IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT L. CARTER, ET AL. | CIVIL ACTION |
| VERSUS | |
| ST. HELENA PARISH SCHOOL BOARD, ET AL. | NO. 52-01068-BAJ-RLB |

RULING

Before the Court is a *Joint Motion for Declaration of Unitary Status and Dismissal* filed by St. Helena Parish School Board, the Private Plaintiffs, and the Plaintiff-Intervenor, the United States of America (collectively the "Parties").[1] An evidentiary hearing was held on March 12, 2018, where the Parties presented argument and submitted evidence to the Court.[2] For the following reasons, the Parties' *Joint Motion for Declaration of Unitary Status and Dismissal* shall be GRANTED.[3]

I. PROCEDURAL HISTORY

In 1952, the Plaintiffs filed this action asserting that the St. Helena Parish School Board ("Board") was operating a racially dual system in violation of the Fourteenth Amendment of the Constitution of the United States. On May 25, 1960,

---

[1] Doc. 593.
[2] Exhibits A, B, C, and D.
[3] Doc. 593.

the Court entered an *Order* enjoining the State of Louisiana, including the Board, from excluding African-American students from St. Helena Parish Public Schools (the "District") solely by reason of their race.[4] The District continues to be governed by the 1960 *Order* and other *Orders* mandating the desegregation of St. Helena Parish's public schools.[5]

On September 23, 2015, the District filed a *Motion for Declaration of Partial Unitary Status*.[6] The District argued that it had achieved unitary status in the areas of faculty and staff, transportation, extracurricular activities, and facilities, but asserted that it needed continued Court supervision in the area of student assignment.[7]

On April 5, 2016, the Honorable James J. Brady granted the District's *Motion for Declaration of Partial Unitary Status*.[8] The Court held that the St. Helena Parish School Board had achieved unitary status in the areas of faculty, staff, transportation, extracurricular activities, and facilities but that "further supervision may be beneficial" in the area of student assignment.[9] On September 11, 2017, the Court ordered (i) the District to file a *Motion to Complete Unitary Status* by October 31, 2017, and (ii) counsel for Private Plaintiffs to file a motion for fees, if any.[10]

---

[4] Doc. 39.
[5] *See, e.g.*, Doc. 39 and Doc. 158.
[6] Doc. 570.
[7] Doc. 570-1, pp. 5, 7, 15 and 16.
[8] Doc. 580.
[9] Doc. 586, pp. 10-12.
[10] Doc. 586.

On February 15, 2018, the Parties filed a *Joint Motion for Declaration of Unitary Status and Dismissal* in which they requested that the Court terminate jurisdiction over this case.[11] The Private Plaintiffs and the United States have actively monitored the District and believe that, based on the review of the information and data provided by the District, the District has fulfilled its affirmative desegregation obligations under the Fourteenth Amendment and applicable federal law, entitling it to a declaration of unitary status with respect to the remaining *Green* factor – student assignment.

## II. LEGAL STANDARD

The goal of a school system operating pursuant to a desegregation order is to convert promptly from a *de jure* segregated school system to a system without "white" schools or "black" schools, but just schools.[12] As established by the United States Supreme Court, a school district seeking a declaration of unitary status and termination of judicial supervision must show that it has: (1) fully and satisfactorily complied with the Court's decrees for a reasonable period of time; (2) eliminated the vestiges of prior *de jure* discrimination to the extent practicable; and (3) demonstrated a good-faith commitment to the whole of the Court's decrees and to those provisions of the law and the Constitution that were the predicate for judicial intervention in the first instance.[13]

---

[11] Doc. 593.
[12] *Green v. Cty. Sch. Bd. of New Kent Cty.*, 391 U.S. 430, 442 (1968).
[13] *See, Missouri v. Jenkins*, 515 U.S. 70, 87-89 (1995); *Freeman v. Pitts*, 503 U.S. 467, 491-92, 498

3

The Supreme Court has identified six areas, commonly known as the "*Green* factors," that must be addressed as part of the determination of whether a school district has fulfilled its duties and eliminated vestiges of the prior dual system to the extent practicable: (1) student assignment (including the administration of student discipline); (2) faculty; (3) staff; (4) transportation; (5) extracurricular activities; and (6) facilities.[14] The Supreme Court also has approved consideration of other *indicia*, such as "quality of education," as important factors for determining whether the school district has fulfilled its desegregation obligations.[15]

Based on the information and data provided by the District, and on all the surrounding facts, the Parties assert that the District has complied with the Court's desegregation orders for a reasonable period of time and has eliminated the vestiges of past *de jure* discrimination to the extent practicable in the remaining area of student assignment.

## III. STUDENT ASSIGNMENT

The Parties stipulate that the District has satisfied prior *Orders* with regard to general student assignment and assignment by class.[16] For the 2017-18 academic year, the District enrolled approximately 1,188 students 1,066 (89.7%) black, 100

---

(1992); *Bd. of Educ. of Oklahoma City Pub. Sch. v. Dowell*, 498 U.S. 237, 248-50 (1991).

[14] *See, Banks v. St. James Parish Sch. Bd.*, Civil Action No. 65-16173, 2017 WL 2554472, *2 (E.D. La. Jan. 30, 2017) (discussing Green 391 U.S. at 435); *Dowell*, 498 U.S. at 250 (discussing *Green*, 391 U.S. at 435).

[15] *Freeman*, 503 U.S. at 492-93.

[16] Doc. 593-1, p. 3.

4

(8.5%) white, and 22 (1.8%) Hispanic in its 3 single-grade structure schools. Enrollment at each school for the 2017-18 school year is shown below:[17]

| School | White | Black | Other | Total |
|---|---|---|---|---|
| St. Helena College and Career Academy (7-12) | 37 (7.2%) | 467 (91.4%) | 7 (1.4%)[18] | 511 |
| St. Helena Arts and Technology Academy (3-6) | 31 (8.8%) | 314 (88.7%) | 9 (2.5%) | 354 |
| St. Helena Early Learning Center (PreK-2) | 32 (9.9%) | 285 (88.2%) | 6 (1.9%) | 323 |
| TOTAL: | 100 (8.5%) | 1,066 (89.7%) | 22 (1.8%) | 1,188 |

The Parties believe that the District has complied with its obligations in the area of student assignment.

## IV. CONCLUSION

Based on the foregoing, as well as the evidence and testimony submitted during the March 12, 2018 evidentiary hearing, the Court concludes that the District has met the legal standards for a declaration of unitary status with regard to the one remaining *Green* factor, student assignment, and that it is entitled to the dismissal of this action.

Accordingly, it is hereby **ORDERED** that the *Joint Motion for Declaration of Unitary Status and Dismissal* filed by the St. Helena Parish School Board, the Private

---

[17] Exhibit C.
[18] Exhibit C. Includes 1 student who identified as "NA/AN-F H/PI-F."

Plaintiffs, and the Plaintiff-Intervenor, the United States of America, is hereby **GRANTED**.[19]

It is further **ORDERED**, that the *Motion for Declaration of Unitary Status* filed by the St. Helena Parish School Board on January 29, 2018, is hereby **DENIED AS MOOT**.[20]

**IT IS FURTHER ORDERED** that all prior injunctions in this case are hereby **DISSOLVED**, jurisdiction is **TERMINATED**, and this case is **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 14th day of March, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[19] Doc. 593.
[20] Doc. 589.